## HAGIST v. VOGT.    (No. 7410.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925. Rehearing Denied Nov. 18, 1925.)

**Chattel mortgages ⬳138(2)—Recorded mortgage superior to prior existing unrecorded equitable mortgage lien.**

Recorded chattel mortgage is superior to a prior existing equitable mortgage lien which was never recorded and of which holder of express mortgage lien had no actual or constructive knowledge.

Appeal from District Court, Victoria County; John M. Green, Judge.

Suit by E. F. Vogt against E. R. Hagist and others. From a judgment for plaintiff, defendant Hagist appeals. Affirmed.

Rose & Sample, of Edna, for appellant.
R. L. Daniel, of Victoria, for appellee.

SMITH, J. At the time this controversy arose A. B. Bowers was indebted to E. R. Hagist in one transaction and to E. F. Vogt in another and different transaction.

In December, 1923, Bowers made a tentative agreement with Hagist, one of said creditors, to thereafter give the latter a chattel mortgage upon crops to be grown in 1924 upon Bowers' farm in Jackson county. This agreement was never consummated, however, and the mortgage was never given to Hagist. The latter claims that the effect of this agreement, never performed, was to create an equitable lien in Hagist's favor upon Bowers' 1924 crops.

In August, 1924, Bowers, the debtor, gave to Vogt, his other creditor, a chattel mortgage on said 1924 crop, and this mortgage was forthwith placed of record. At the time he took this mortgage Vogt had no notice, constructive or otherwise, of Hagist's claim of an equitable lien upon the crops in question. Both the alleged equitable lien and mortgage lien were given by Bowers to secure pre-existing debts owing by him to Hagist and to Vogt, and both liens were given for sufficient consideration.

Vogt, holder of the mortgage lien, brought this suit against Bowers and the latter's tenants and a local bank in which a part of the proceeds from the sale of the mortgaged crop had been deposited and against Hagist as claiming an interest in the matters in controversy. The purpose of the suit was to preclude Hagist, to obtain judgment upon the note, to foreclose upon the unsold portion of the crops, and to subject the impounded funds to the payment of the money judgment prayed for. Vogt obtained judgment accordingly, and Hagist alone has appealed. Out of the facts stated arises the question, Was the express mortgage lien, taken by Vogt without knowledge of the existing equitable lien, superior to the latter?

We conclude that the general rule as to innocent mortgagee should apply to the case. The equitable lien held by Hagist was of no greater dignity or force than the express lien held by Vogt. It was not a matter of record, and its mere existence was ineffectual to afford notice to other creditors. If it had been an express lien, but not a matter of record, it would have been equally ineffectual. Vogt, without actual or constructive notice of its existence, subsequently obtained a mortgage upon the same property, and forthwith recorded it. We hold that under these circumstances the mortgage lien took precedence and was properly enforced by the court below.

This conclusion requires the overruling of appellant's assignments of error, and the judgment of the court below is affirmed.